**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Isidro DUARTE–REYES, Defendant—
Appellant.**

No. 05–50430.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 25, 2006.

Maura Quinn, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kasha K. Pollreisz, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Isidro Duarte–Reyes ("Duarte–Reyes") appeals his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326 and the resulting 57–month custodial sentence. We affirm.

■ 1. Duarte–Reyes claims that the district court erred in denying the government's motion to dismiss the indictment without prejudice based on the unavailability of a second A-file at the start of the trial. This argument is, to say the least, somewhat curious because Duarte–Reyes opposed the motion on the grounds that the indictment should be dismissed with prejudice. Under plain error review, "relief is not warranted unless there has been (1) error, (2) that is plain, and (3) affects substantial rights." *Jones v. United States*, 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). A careful review of the record reveals that, even if we were to assume error, Duarte–Reyes's substantial rights were not affected. The late-discovered file did not contain any information that disproved an element of the crime as evidenced by the role of the second A-file at trial. The only context in which the defense referenced the second file was to create doubt about the reliability of the A-files and the documents therein.

■ 2. Duarte–Reyes's challenge to the continued viability of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), as well as his claim that the date of the prior deportation must be proved to a jury beyond a reasonable doubt, are precluded by *United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir.2005), and *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2001). Duarte–Reyes's claim that 8 U.S.C. § 1326(b) is facially unconstitution-

al under *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), is unconvincing. *Shepard* does not address the constitutional viability of the holding in *Almendarez–Torres*. Because *Almendarez–Torres* directly establishes that Section 1326(b) need not be alleged in an indictment or proven to a jury beyond a reasonable doubt, Duarte–Reyes's argument is precluded absent action by the Supreme Court. *See Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." (internal quotation omitted)).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.